■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRYANT, Appellant.—Judgment, Supreme Court, New York County, rendered April 27, 1976, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, reversed, on the law, and a new trial directed. At trial Police Officer Gervasi, experienced in narcotics arrests, testified that he observed the defendant at about 12:45 P.M. on a fairly sunny day descending the stairs to the basement level of 246 West 114th Street. Defendant, while descending, turned and reached up to an unseen point underneath the front steps of the building. Upon defendant's withdrawing his arm down from the point under the front steps, he was observed to be now holding a brown paper bag. The officer saw glassine envelopes in the open bag. After fumbling with the bag, defendant twice reached up to the same area. Approaching the area where the defendant was standing, the officer saw defendant transfer something into the bag. Defendant then returned the brown bag to the hiding place underneath the front steps. Officer Gervasi, with his companion Officer Blumbek, arrived at the top of the basement stairs which defendant was now ascending. Upon inquiry by the police, defendant explained that he had just gone down the stairs to "take a leak." Officer Blumbek remained with defendant while Officer Gervasi proceeded to investigate the area beneath the front steps. He found five glassine envelopes on a ledge that ran under the steps. Further, in Gervasi's words: "I kept looking on the ledge for the brown bag which I has seen [defendant] in possession of. I had to step up on the third step to look underneath the stoop further, and there was a small hole, almost right in the middle of the stoop, underneath the first step, almost at street level, and I put my hand into the hole, came out with a brown paper bag which contained a—which I counted later—40 glassine envelopes." While Officer Gervasi was investigating the area to locate the brown bag, the defendant tried to escape from Officer Blumbek and was restrained. Evidence of the attempt to flee "is competent because, when unexplained, it tends to show consciousness of guilt, although standing alone it raises no legal presumption thereof" (People v Fiorentino, 197 NY 560, 567).* The glassine envelopes contained heroin. The aforesaid testimony on the part of the People clearly made out a prima facie case against the defendant. We are not required to abandon our commonsense experience of life in viewing the record on this criminal appeal. Beyond cavil, the contents of the brown bag were valuable by virtue of the illicit narcotic trafficking which now besets our social body. Most compellingly, the brown paper bag was not in open view, but *concealed*. Surrounding circumstances indicate that knowledge and control were being exercised in respect of the brown paper bag. Having observed the contents of the open bag and defendant's actions in relation

---

* "In respect to the matter of flight, the general rule is well settled. Evidence of flight, concealment or analogous conduct is always admissible. From of old, when unexplained, it has been deemed indicative of a consciousness of guilt, and hence of guilt itself. (Proverbs, chapter XXVIII, 1; *People v. Ogle,* 104 N. Y. 511, 514; *People v. Fiorentino,* 197 N. Y. 560, 567; *Hickory v. United States,* 160 U. S. 408.) But 'ordinarily it is of slight value, and none whatever unless there are facts pointing to the motive which prompted it.' *(People v. Fiorentino, supra; People v. Stilwell,* 244 N. Y. 196, 199.)" *(People v Reddy,* 261 NY 479, 486).

thereto, it was incumbent upon the police to investigate, based upon their expertise in narcotics. The People presented a prima facie case sufficient to warrant submission to the jury of the factual issues arising out of the criminal charges. Defendant testified in his own behalf that he was waiting for the start of a basketball game when he decided to descend the stairs at 246 West 114th Street to urinate. He denied ever touching the brown paper bag or attempting to escape from the officers. A friend of defendant corroborated defendant's claim concerning the reason for defendant's presence on the street and also stated that the stairwell area is often used for urination. The record demonstrates that this case essentially involves the issue of credibility, which issue is for the jury. Thus viewed, defendant's claim that he was deprived of a fair trial because of prejudicial conduct on the part of the prosecutor obtains merit. Inquiry as to familiarity with narcotics addressed to defendant and his supporting witness was badly managed by the prosecutor under initial ambiguous guidance by the trial court. Further, the prosecutor improperly and repeatedly requested defendant's opinion as to whether the officers were lying despite the trial court's sustaining of objections to these questions. Certain portions of the prosecutor's summation also were prejudicial. While individually and under other circumstances these errors might be regarded as harmless, their cumulative effect where the issue before the jury is solely one of credibility, served to deprive defendant of a fair trial. Accordingly, a new trial is directed. Concur—Kupferman, J. P., Lupiano and Evans, JJ.; Markewich, J., dissents in part in the following memorandum: Accepting the statement of facts as set forth in the majority memorandum opinion, I differ therewith to the extent that, not only would I reverse, but I would dismiss the indictment. The evidence is as consistent with a hypothesis of innocence as with one of guilt. It just as well is susceptible of an inference that, defendant-appellant, going down the stairs for the purpose indicated, saw the bag protruding from the crevice in which later found by police, explored it, and, frightened by its contents, replaced it, and turned to leave when apprehended by police. The fact that, when searched, he had no contraband adds strength to this hypothesis. We are compelled by hornbook law to accept the inference consistent with innocence. "In our view, the evidence was insufficient as a matter of law to establish guilt beyond a reasonable doubt. *(People v Ledwon,* 153 NY 10, 18.)" *(People v Wooden,* 58 AD2d 554.)