■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. MAYO, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 23, 1977, upon a verdict convicting defendant of the crime of robbery in the second degree. Accused in a single count indictment of the crime of robbery in the first degree, defendant protested his retrial for that offense on double jeopardy grounds. His claim was rejected and this appeal is from the judgment subsequently rendered at that retrial upon a jury verdict convicting him of robbery in the second degree as a lesser included offense. In addition to pressing his double jeopardy contention, defendant also maintains that certain other errors occurred during the course of his second trial. However, we conclude that the judgment should be affirmed. After proof was closed in the first trial, the record discloses that defense counsel renewed a motion to dismiss the single count of first degree robbery for want of sufficient evidence to support an element of that crime; namely, that a knife had been used in the commission thereof as alleged in the indictment (Penal Law, § 160.15, subd 3). The motion was denied, but the trial court indicated it would only submit the crimes of second and third degree robbery to the jury in the alternative as lesser included offenses. Upon complaint by the prosecutor, the trial court expressed the reason for this action in unmistakable terms: "There is absolutely no testimony in this record concerning a dangerous instrument." No exception to the charge as delivered was registered and no objection was voiced when the jury was discharged following its inability to reach a verdict on either of the two offenses that had been submitted for its consideration. The retrial was commenced before the same trial court on the basis of the original indictment, the contents of which were read to the second jury by the prosecutor in his opening remarks, and a parallel situation developed when the proof was concluded. Once again the trial court denied a renewed defense motion to dismiss the indictment and informed the parties of its intention to submit to the jury the crimes of second and third degree robbery in the alternative. No explanation of its ruling was sought and defendant did not challenge the

propriety of submitting those crimes to the jury as lesser included offenses. The trial court then advised the jury that although the defendant had been accused of first degree robbery, it would not be asked to consider that crime "for legal reasons * * * you are not to concern yourselves with." No requests or exceptions were interposed to any portion of its entire charge, and this time, as previously mentioned, the jury convicted defendant of second degree robbery. In our opinion, the resolution of the first trial barred defendant's retrial on a charge of first degree robbery. The trial court's action in that proceeding must be regarded as a determination that legally sufficient trial evidence had not been presented in support of such an accusation. Even though a trial order dismissing the sole count of the indictment was not authorized, owing to the existence of sufficient trial evidence to support lesser included offenses (CPL 290.10, subd 1; 300.30, subd 1; 300.40, subd 1), its decision to submit only lesser crimes to the jury was the functional equivalent of a finding that first degree robbery had not been established, as the court's remarks plainly indicated. Therefore, on a retrial occasioned by the inability of the first jury to reach agreement, double jeopardy principles precluded the revival of that charge, regardless of statutory language to the contrary (*Burks v United States,* 437 US 1; *Greene v Massey,* 437 US 19; *United States v Scott,* 437 US 82; *People v Brown,* 40 NY2d 381, cert den 433 US 913; cf. CPL 310.60, subd 2). On the other hand, defendant's failure to object to jury consideration of second and third degree robbery as lesser included offenses at the first trial waived any error in the submission process (CPL 300.50, subd 1), and the jury's failure to agree raises no jeopardy difficulty on the retrial of such crimes. The issue then, as we see it, is whether the impropriety of subjecting defendant to a second trial for robbery in the first degree, when he could be retried for lesser included offenses, necessitates a reversal of his second degree robbery conviction. The answer, we believe, should be in the negative. Although wrongly placed at risk a second time for the greater offense, the error was of a harmless nature. Unlike the factual setting in *Price v Georgia* (398 US 323) and *United States ex rel. Hetenyi v Wilkins* (348 F2d 844, cert den 383 US 913), the second jury in this case was not permitted to consider the crime of robbery in the first degree. The possibility that it might be induced to find defendant guilty of some lesser offense by reason of entertaining the higher charge was thus eliminated. References to the crime of first degree robbery not attributable to the defense were fleeting; once when the indictment was read to the jury and again when the trial court instructed it not to concern itself with that accusation. Assuming these remarks did not wholly offset one another, we may confidently say that they did not give rise to any potential prejudice to the defendant. Turning to defendant's remaining arguments, we find no error in the admission into evidence of a pair of sneakers taken from him upon apprehension, since the witness was able to positively identify the exhibit as the same sneakers he had recovered at that time (*People v Julian,* 41 NY2d 340; *People v Connelly,* 35 NY2d 171). The degree of similarity between the tread design of those sneakers and a cast of footprints taken at the scene of the crime furnished a proper subject for expert opinion and was correctly received. While some of the prosecutor's remarks in summation were better left unsaid, not all of the challenged statements were improper and, in any event, none were so inflammatory or prejudicial as to warrant corrective action in light of the overwhelming proof of defendant's guilt (*People v Crimmins,* 36 NY2d 230). The verdict of the jury was fully supported by the proof and the judgment should be

affirmed. Judgent affirmed. Mahoney, P. J., Kane, Staley, Jr., and Larkin, JJ., concur; Sweeney, J., dissents and votes to reverse in the following memorandum. Sweeney, J. (dissenting). While I agree with the majority that defendant was wrongly placed at risk a second time for the greater offense of robbery first degree, I am unable to agree that the error was harmless and, therefore, dissent and vote to reverse. The fact that the jury at the second trial was not permitted to consider the crime of robbery in the first degree is of little significance. The question is not one of actual prejudice, but of the reasonable possibility of prejudice *(United States ex rel. Hetenyi v Wilkins,* 348 F2d 844, cert den 338, US 913). The jury's awareness that defendant was originally charged with first degree robbery presents, in my opinion, such a reasonable possibility of prejudice. Consequently, defendant should not have been tried a second time on the charge of first degree robbery. Since the indictment in the present case contained the single count of robbery in the first degree and defendant cannot be again tried for first degree robbery, the indictment should be dismissed. Accordingly, the judgment should be reversed and the indictment dismissed.