■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS JACKSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered March 28, 1978, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although it was improper for a police officer witness to testify, on cross-examination by defendant, that defendant had admitted firing a gun, where that statement had been suppressed, the court immediately sustained an objection, struck that testimony from the record and gave a curative instruction to the jury. Moreover, in view of the overwhelming evidence of defendant's guilt, including eyewitness testimony, we are convinced that any error was harmless beyond a reasonable doubt *(People v Jones,* 47 NY2d 528). Further, the denial, without a hearing, of defendant's motion to dismiss the indictment based on the denial of his statutory speedy trial rights (CPL 30.30) was proper since it was clear from the record that a significant portion of the delay during the approximately 15-month period between arrest and trial was excludable (CPL 30.30, subd 4, par [a]) (a period of over one and one-half months during which defendant's motion to suppress was under consideration) and defendant failed to establish that there remained a sufficient unexcluded period (see *People v Lomax,* 50 NY2d 351). We have also considered defendant's constitutional speedy trial claim and find that, under all of the circumstances, there was no denial of his constitutional right to a speedy trial *(People v Taranovich,* 37 NY2d 442). We have examined defendant's other contentions and find them to be without merit. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MARTINEZ, Appellant. — Appeal by defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Beldock, J.), both imposed May 16, 1980. Appeal dismissed as academic. The sentences which defendant seeks to modify were vacated on August 19, 1981 and he was resentenced on October 5, 1981 *nunc pro tunc* as of May 16, 1980. Mollen, P.J., Lazer, Cohalan and Bracken, JJ., concur.