■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE SUMMA, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 23, 1980, convicting defendant upon his plea of guilty of the crime of murder in the second degree. Judgment affirmed (see *People v Wingate,* 72 AD2d 955). Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. MOOLE-NAAR, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 11, 1981, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the seventh degree (two counts), criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree (two counts). On this appeal, defendant's principal contention concerns a statement made by a police officer while testifying at the trial. When asked by the prosecutor what he meant when he stated that he patted defendant down for weapons, the police officer stated: "I went over the outer part of his body, feeling for any bulges, feel for any weapons, the outside of his legs, the inside of his legs, around his ankles. I came back and I asked him if he had anything, any drugs or anything that he shouldn't have. He said, 'Yes, in my — '." Defendant objected and moved for a mistrial on the grounds that following a suppression hearing the court had earlier ruled that any statements made by defendant subsequent to his arrest were suppressed. Although the trial court did not declare a mistrial, the objection was sustained and the jury admonished to disregard the question and the answer. It is urged by defendant that the improper testimony of the police officer requires reversal and that the motion for a mistrial should have been granted. We disagree. Upon consideration of the record, we conclude that the proof of defendant's guilt was overwhelming and there is no reasonable possibility that the admission of defendant's statement in question contributed to his conviction (*People v Almestica,* 42 NY2d 222, 226; *People v Crimmins,* 36 NY2d 230, 237). Consequently, the error was harmless beyond a reasonable doubt and the judgment should not be reversed (see *People v Jackson,* 84 AD2d 794; *People v Greene,* 78 AD2d 904). Defendant's remaining arguments have been considered and are unpersuasive. Judgment affirmed. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.