### (February 17, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON JOHNSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 25, 1980, convicting defendant upon his plea of guilty of the crime of rape in the first degree. As a result of an incident which occurred at approximately 7:30 P.M. on March 30, 1980 at the east side of Albany High School in the City of Albany wherein defendant allegedly engaged in sexual intercourse with a female while using forcible compulsion and also forcibly stole a cigarette lighter from the same female, defendant was indicted on one count of rape in the first degree, a class B felony (Penal Law, § 130.35, subd 1) and one count of robbery in the third degree, a class D felony (Penal Law, § 160.05). Subsequently, he pleaded guilty to the rape charge in full satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment of 6⅔ to 20 years. On this appeal, defendant initially contends that the court improperly denied him the right to consideration as a youthful offender, but we find this argument unpersuasive. Examination of the record herein establishes that defendant entered his guilty plea knowingly and voluntarily with the advice of counsel. Moreover, it is likewise clear that the court fulfilled its statutory responsibilities under CPL 710.10 and 720.20 by ordering a presentence investigation and concluding, after consideration of the presentence report, that defendant should be sentenced to an extended period of incarceration and not be accorded youthful offender status in view of the serious nature of the crime at issue in this case. Given these circumstances, we cannot say that the court abused its discretion in making this determination (cf. *People v Connerton*, 67 AD2d 1028; *People v Seay*, 56 AD2d 971). Similarly without merit is defendant's remaining contention that the sentence imposed was harsh and excessive and constituted an abuse of discretion. The term imposed was in accord with the presentence report and also well within the statutory guidelines for the class B violent felony offense of which defendant stands convicted. Additionally, the serious and violent nature of the crime provides further justification for the sentence, and defendant has presented no circumstances which demonstrate that the sentencing court abused its discretion in this matter (see *People v Halvorsen*, 60 AD2d 927). Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.