## (August 18, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WASHINGTON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 4, 1980, upon a verdict convicting defendant of the crime of grand larceny in the third degree. Defendant and his friend were arrested outside a department store after two security guards, who were off-duty police officers, observed them stuff seven men's suits into two bags and leave without paying. As defendant was being escorted back inside,

he requested to "make a deal" and to be given "a break". In the store's security room, defendant received *Miranda* warnings, and the security guards took the suits from the bags and inventoried them by color, style number, price and size. They labeled one of the bags as evidence, with the date. The suits and bags were then locked in a locker in the security room, where they remained until they were retrieved by the guards on the day of defendant's trial. Initially, defendant argues on appeal that the suits should not have been admitted into evidence at his trial both because they were not specifically marked or turned over to the police and because the People failed to negate the possibility of outside access to the locker in which they were stored. We disagree. Where real evidence is sought to be admitted at trial, the People must show that it is identical to that involved in the crime and that it has not been tampered with (*People v McGee,* 49 NY2d 48, 59, cert den *sub nom. Quamina v New York,* 446 US 942). A foundation for these elements is established by having someone familiar with the objects identify them (*id.,* at p 60). Here, one of the officers testified that the suits were the same ones seized from defendant and his friend; that they had not been altered or changed; and that they had been kept in a locked container since their seizure. Strict proof of chain of custody may be required only when the stolen articles are fungible items (see *People v Connelly,* 35 NY2d 171, 174). Since here the suits were specifically identifiable from their labels and were thus identified at trial, they were properly admitted into evidence without further proof on chain of custody (*People v Julian,* 41 NY2d 340, 343). Any infirmity as to the suits being locked at the store and not retained by the police goes to the weight of the evidence and not to its admissibility (*People v McGee supra,* p 60). The jury could properly credit the officer's testimony. Next, defendant claims that it was error to admit the statements he made to the security officers after he was placed under arrest but prior to receiving *Miranda* warnings. There was evidence, however, supporting the trial court's finding that defendant's requests for "a break" and to "make a deal" did not result from interrogation or its functional equivalent (*People v Greer,* 42 NY2d 170, 177-178; *People v Huffman,* 41 NY2d 29, 33). The officers merely asked defendant to accompany them back into the store. Their words and actions were those "normally attendant to arrest and custody" (*Rhode Island v Innis,* 446 US 291, 301). Accordingly, defendant's statements were properly admitted into evidence. The only remaining argument for reversing defendant's conviction that merits discussion pertains to the trial court's *Sandoval* ruling. However, regardless of whether the proper factors were weighed in making that ruling (*People v Williams,* 56 NY2d 236) or whether the court erred in authorizing cross-examination of defendant on his remote 1944 and 1954 convictions, the evidence of guilt from the eyewitness testimony of the security guards and defendant's possession of the stolen items was so overwhelming that any error was harmless (*People v Crimmins,* 36 NY2d 230; *People v Daniels,* 77 AD2d 745). A more serious question is presented regarding the validity of defendant's sentence of 25 years to life imprisonment as a persistent felony offender. Defendant contends that he was denied effective assistance of counsel at his sentencing hearing as a persistent felony offender, held pursuant to CPL 400.20. Under this statute, a defendant must be afforded the opportunity not only to controvert the validity of prior convictions and any other aggravating factors to be considered by the sentencing court, but also to present mitigating factors, e.g., his character, background and the circumstances of his prior conduct, in order to avoid imposition of the harsher persistent felony offender sanctions. The following colloquy took place at defendant's hearing: "THE COURT: — does the defendant wish to offer any witnesses at this time? DEFENSE COUNSEL: No, Your Honor. I have not really had an opportunity to talk to Mr. Washington. THE COURT: Well, I'll give

you an opportunity. DEFENSE COUNSEL: Well, I would like to ask him on the record. THE COURT: Very well. DEFENSE COUNSEL: Would you desire to take the witness stand? Is there anything you want to tell the Judge under oath at this time? THE DEFENDANT: What am I going to tell him? DEFENSE COUNSEL: That's up to you." Apart from subsequently eliciting defendant's age at the time of sentence, the foregoing constitutes the full extent of defense counsel's participation in the sentencing hearing. Obviously, counsel had neither investigated nor consulted with defendant in advance of the hearing on the possible existence of any mitigating factors, nor did he advise defendant either before or during the hearing of his right to present such factors to the court. In light of this inadequate and ineffective legal representation, the hearing was a sham (*People v Bennett*, 29 NY2d 462, 466). Defendant was effectively unassisted at the crucial stage of his sentencing when he was exposed to a possible maximum sentence of life imprisonment and a minimum term of 25 years (*People v Gonzalez*, 43 AD2d 914; see, also, *People v Droz*, 39 NY2d 457). Accordingly, defendant's sentence should be vacated and the case remitted to the County Court for sentencing following a new sentencing hearing. Judgment modified, on the law and the facts, by vacating the sentence, matter remitted to the County Court of Albany County for resentencing, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.