■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED G. ANDERSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 10, 1981, upon a verdict convicting defendant of the crime of rape in the first degree. On February 28, 1981, the 10-year-old complainant was visiting with her mother and 11-year-old brother at her grandmother's house in the City of Albany. While other family members were busy elsewhere in the house, she was raped by her uncle (aged 18), defendant herein. Defendant raises several issues on this appeal. First, he argues that the trial court erred in allowing cross-examination of defense witnesses concerning his failure to return home after the rape and his subsequent flight from the Albany area. This contention lacks merit. "Evidence of flight as indicative of a consciousness of guilt is a classic example of the admissibility of * * * circumstantial evidence" (*People v Yazum,* 13 NY2d 302, 304). While the probative force of this evidence is limited, that is not grounds for its exclusion (*People v Cathey,* 38 AD2d 976). We cannot agree with defendant's argument that the evidence of defendant's flight was too speculative to support an inference of consciousness of guilt. The record shows that defendant fled from the city immediately after a conversation with his mother, during which she asked him if he had engaged in sexual intercourse with his niece. Accordingly, an inference that his flight was precipitated by concern over the consequences of his behavior does not appear to be overly speculative. This is particularly true in the absence of any other explanation for defendant's departure (see *People v Bryant,* 60 AD2d 810, app dsmd 44 NY2d 790). Defendant further contends that the jury charge concerning his flight was inadequate. It is true that the trial court should have instructed the jury as to the limited probative value which may be attributed to evidence of flight (see *People v Limage,* 57 AD2d 906, affd 45 NY2d 845, citing *People v Yazum, supra*). However, since at the time of trial, defendant did not request a further charge or except to the charge given, this issue was not preserved for our review (CPL 470.05, subd 2; *People v Williams,* 47 AD2d 262, 264). While we may still reverse in the interest of justice (CPL 470.15, subd 6, par [a]), we choose not to do so here, since the other evidence adduced at the trial

overwhelmingly established defendant's guilt (see *People v Felcone,* 43 AD2d 976). Defendant's next argument, that the complainant's testimony was insufficiently corroborated, is unpersuasive. Under section 130.16 of the Penal Law, defendant may not be convicted of raping his niece solely on her uncorroborated testimony, since the principal element of the crime of rape of which he stands convicted (pursuant to Penal Law, § 130.35, subd 3) is the victim's incapacity to consent because of her age. However, it is uncontested that the victim's testimony was corroborated by her brother who was 12 at the time of the trial. He testified that he saw his sister and defendant, apparently shortly after the rape took place, while she was standing next to the bed and defendant, whose penis was erect, was putting his pants back on. The brother's statement under oath that he was 12 years old (and therefore competent to testify under oath, pursuant to CPL 60.20, subd 2) was adequate proof of his age; the court was not, as defendant argues, obliged to require further proof thereof. This is particularly true in view of defendant's failure to object to the brother's testimony at the trial. We note also that the victim's testimony regarding intercourse was corroborated by the physician who examined her on the day in question. He testified that his examination confirmed that she had had sexual intercourse within the last 12 hours. This testimony was additionally buttressed by that of the forensic scientist who examined the pants worn by the complainant on the day in question and found the presence of seminal fluid. Defendant's next contention is that the court erred in admitting the victim's pants in evidence because the People failed to establish an unbroken chain of custody thereof, in that the last police officer to handle the pants before they were placed in the custody of the State Police laboratory did not testify. This argument is unpersuasive. Failure to demonstrate a complete chain of custody is properly excused "where the circumstances provide reasonable assurances of [the] identity and unchanged condition" of the evidence and where it would be unreasonable to require the appearance of each physical custodian thereof as a witness (*People v Porter,* 46 AD2d 307, 311). In the instant case, the victim, four police officers and the forensic scientist who carried out the tests on the pants testified to their identity and unchanged condition. Surely this testimony provided an adequate foundation for the admission of this evidence. In addition, it should be noted that when an object is nonfungible, i.e., when it possesses " 'unique characteristics or markings and is not subject to material alteration which is not readily apparent' ", as is the case with the evidence in question, a simple identification is enough to warrant admission (*People v Julian,* 41 NY2d 340, 343, quoting from *People v Connelly,* 35 NY2d 171, 174). We conclude that this nonfungible evidence was properly admitted (see *People v Washington,* 96 AD2d 996). Defendant's contention that the court erred in its refusal to admit testimony of other alleged acts of sexual conduct on the victim's part is similarly meritless. Pursuant to CPL 60.42, this evidence was properly excluded (see *People v Conyers,* 86 Misc 2d 754, affd 63 AD2d 634). Defendant's final contention is that his sentence of 6⅔ to 20 years' imprisonment is harsh and excessive. However, in view of the heinous nature of defendant's crime and the lack of any evidence of abuse of discretion on the part of the sentencing court, there is every reason to affirm it (see *People v Johnson,* 92 AD2d 672, mot for lv to app den 59 NY2d 766). Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.