(January 24, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. JOY, Appellant. — Appeal from a judgment of the County Court of Chenango County (Monserrate, J.), rendered November 19, 1982, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On June 14, 1982, defendant was charged in a five-count indictment with the crimes of burglary in the first degree, burglary in the second degree, burglary in the third degree, grand larceny in the third degree and criminal trespass in the first degree. These charges stemmed from an incident at the Le Roy Honkomp dwelling in the Village of Oxford, County of Chenango. The indictment charged, *inter alia,* that defendant did knowingly steal from the Honkomp residence one gold watch and numerous silver and gold coins. After trial, defendant was convicted of the crime of grand larceny in the third degree (Penal Law, § 155.30, subd 1). This appeal ensued.

Defendant's first argument is that the admission into evidence of the gold and silver coins, the subject of the grand larceny, was improper in that the prosecution failed to develop a sufficient chain of custody connecting defendant with the evidence. Contrary to defendant's contention, strict proof of chain of custody was not required here, as the coins in question were not fungible (see *People v Connelly,* 35 NY2d 171, 174; *People v Washington,* 96 AD2d 996, 997). Since the collectible coins herein were specifically identifiable and were identified at trial, they were properly admitted into evidence (*People v Washington, supra*). Moreover, as the following colloquy at trial reveals, defendant admitted stealing the subject coins.

"Q. You admit and you are telling this jury that you stole those gold coins from the Honkomp residence on May 27, 1982?

"A. Yes, sir."

Defendant next argues that the prosecutor's witness who testified as to the market value of the stolen coins was unqualified to render an opinion and, accordingly, the trial court abused its discretion by allowing the witness to testify. This contention is without merit (see Richardson, Evidence [10th ed], § 368, pp 343-345). The judgment should, therefore, be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.