■ John Kowalik et al., Appellants, v City Council of City of Batavia et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed with costs for reasons stated in decision at Special Term, Graney, J. (Appeal from judgment of Supreme Court, Genesee County, Graney, J.—art 78.) Present —Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ The People of the State of New York, Respondent, v Richard VanDusen, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession and sale of cocaine. His primary claim that the trial court erred in allowing testimony of an accomplice and a police officer concerning a similar drug transaction six days before the incident in question has already been rejected in the appeal of a codefendant (see, People v Dery, 115 AD2d 996, lv denied 67 NY2d 941). Defendant's claim that the trial court erred in denying his motion for a mistrial based upon testimony that defendant threatened the life of a key prosecution witness is without merit because the trial court promptly sustained defense counsel's objection to the remark and instructed the jury to disregard it (see, People v Galloway, 54 NY2d 396, 399; People v Arce, 42 NY2d 179, 190; People v McCloskey, 92 AD2d 672, 673-674). Thus, there was no manifest necessity to declare a mistrial (see, People v Moolenaar, 88 AD2d 1093; Matter of Cardin v Sedita, 53 AD2d 253, 256). Defendant's claim that the People did not establish a proper chain of custody of the cocaine was not preserved for review and is without merit in any event (see, People v Julian, 41 NY2d 340, 343; People v Connelly, 35 NY2d 171, 174). We have considered defendant's remaining claims and find each one lacking in merit. (Appeal from judgment of Onondaga County Court, Burke, J.—criminal sale of controlled substance, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.