■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CONCEPCION, Appellant.—Judgment of the Supreme Court, New York County (Stephen Crane, J.), rendered May 26, 1988, convicting defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25), attempted murder in the second degree (Penal Law §§ 110.00, 125.25), assault in the second degree (Penal Law § 120.05), criminal possession of a weapon in the second degree (Penal Law § 265.03), reckless endangerment in the first degree (Penal Law § 120.25) and criminal use of a firearm in the first degree (Penal Law § 265.09), for which defendant was sentenced to concurrent terms of imprisonment of 20 years to life, 7 to 21 years, 2⅓ to 7 years, 5 to 15 years, 2⅓ to 7 years, and 7 to 21 years, respectively, unanimously affirmed.

Defendant was convicted of the shooting death of Samuel Gaffney and the wounding of Raphael Vasquez, during a schoolyard dance. The People's witnesses testified that a fight broke out in the schoolyard and defendant, although not directly involved, pulled a gun, ran after Gaffney, shot him in the back twice, then turned around and ran after Vasquez whom he shot in the leg. Two of the People's witnesses had conversed with defendant just prior to the shooting, and he

had indicated that he was carrying a weapon in a pouch. When defendant took the stand, he testified that he had not possessed a gun on the night of the shooting, had never possessed a gun, and knew nothing about guns. In rebuttal, the People called a female friend of defendant's girlfriend, who testified that a few days prior to the shooting, defendant had displayed a gun to her, which he claimed to have obtained in exchange for a piece of jewelry.

Defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Contrary to defendant's claim on appeal, no *Molineux* issue is presented for our review. Rather, the evidence concerning defendant's prior possession of the gun came in as proper testimony to rebut an affirmative fact which defendant had attempted to prove which was relevant to his defense *(see, People v Cade,* 73 NY2d 904, 905; *People v Hernandez,* 71 NY2d 233, 247). In any event, we note defendant's failure to preserve the issue for review (CPL 470.05 [2]; *see, People v Nuccie,* 57 NY2d 818). Likewise, defendant's challenge to the court's failure to provide an instruction as to the limited probative value of flight is also unpreserved *(see, People v Whalen,* 59 NY2d 273, 279-280). Since defendant failed to request such a charge, and his guilt was proved by overwhelming evidence, his contention that reversal in the interest of justice is required is meritless *(People v Anderson,* 99 AD2d 560).

Although we conclude that police reports containing the statements of two nonwitnesses were exculpatory material, we note that these police reports were disclosed during jury selection, and accordingly, we see no basis for reversal *(see, e.g., People v Cortijo,* 70 NY2d 868). Nor do we find merit to defendant's argument that he was deprived of an opportunity to call witnesses on his behalf or that he was denied effective assistance by trial counsel because one of the subjects of this police report was not called as a witness at trial. Counsel had interviewed this person a week prior to trial, and attempted to subpoena him. We also note that Grand Jury minutes, which the People concede are *Rosario* material, had been turned over during jury selection, and were used by counsel during cross-examination at trial. In light of the circumstances of this case, we do not find the sentence imposed to be excessive. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.