■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALLIE R. WYNN, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 15, 1990, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

While on his evening break, Raymond Cook, a Sears Roebuck and Company security guard in the Arnot Mall in Chemung County, witnessed defendant and another woman take clothes from the Hit or Miss store's clothing racks and

put them in plastic mauve J. C. Penney shopping bags. The women then handed two full shopping bags to two male confederates who proceeded to leave the store. When Cook began to trail the men, defendant came out of the store and warned, "[G]o, go. That man is following you." With Cook following them, the men, walking rapidly, passed through several mall stores, eventually entering Iszard's Department Store. There, Cook momentarily lost sight of them while asking an Iszard's sales representative to alert the store's security department. Suddenly, the two men, no longer carrying the shopping bags, ran past Cook. A quick search by Cook of the area the men had come from produced the shopping bags, one of which contained a multicolored dress he had seen being taken off the Hit or Miss racks. As he gave the bags to Iszard's security personnel, Cook caught sight of defendant and the other woman he had seen in the Hit or Miss store and followed them until they were ultimately apprehended by mall security and a Deputy Sheriff.

In the meantime, an Iszard's stock boy took the two J. C. Penney bags to the Iszard's store office where an Iszard's employee removed the clothing from the bags and tallied the prices on the price tags. Each price tag had a suggested retail price which was crossed out and a Hit or Miss discounted selling price. Soon after, another bag, also containing clothing from the Hit or Miss store, was discovered at Iszard's. At trial, however, the clothing from this bag was excluded from evidence.

Of defendant's arguments on appeal, three merit comment: whether County Court erred in admitting into evidence items of clothing found in the first two bags without requiring that a chain of custody be established; whether the court erred in not dismissing the indictment for insufficient proof of value of the clothing; and whether the court erred in allowing the clothing not received into evidence to be displayed in the courtroom. The prosecution having prevailed at trial, the People are entitled to the most favorable view of the evidence (see, People v Kennedy, 47 NY2d 196, 203). Considering the evidence in this light, an affirmance is appropriate.

Strict proof of the chain of custody of the stolen articles was not necessary in the case at hand for these articles were not fungible (see, People v Washington, 96 AD2d 996, 997). "When an 'object possesses unique characteristics or markings and is not subject to material alteration which is not readily apparent', a simple identification is sufficient to warrant admission" (People v Julian, 41 NY2d 340, 343, quoting People v Connelly,

35 NY2d 171, 174). Here, the clothing was specifically identifiable by its color, style and price, and was so identified at trial by a Hit or Miss store sales employee *(see, People v Joy,* 107 AD2d 938; *People v Washington, supra).* Additionally, there is credible testimony that the clothes received into evidence were those Cook had recovered and that their condition was substantially unchanged; hence, simple identification was sufficient as a foundation for introduction of this clothing into evidence *(see, People v Connelly, supra; People v Flanigan,* 174 NY 356, 368). Any uncertainty the witnesses voiced regarding the identification of the clothing merely went to the weight of this evidence, not its admissibility *(see, People v Craig,* 155 AD2d 550).

Also unconvincing is defendant's contention that the People failed to prove that the value of the property stolen exceeded $1,000 (Penal Law § 155.30 [1]). Value as defined in Penal Law article 155 means "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). Market value is "the price at which [the misappropriated items] would probably have been sold in the regular course of business at the time when and the place where they were stolen" *(People v Irrizari,* 5 NY2d 142, 146). Given the absence of any proof that similar merchandise was being sold in the vicinity at a much lower price, the price tags on the stolen garments, coupled with the testimony of the Hit or Miss store salesperson that the prices on the tags were indeed the selling price of those items on the day of the theft, constituted sufficient proof of value *(see, People v Felder,* 134 AD2d 902, 902-903, *lv denied* 70 NY2d 954). Even omitting the one item of clothing admitted into evidence without a price tag (valued at $44.99), the People satisfactorily demonstrated that defendant had stolen property with an aggregate value of over $1,000.

Nor are we persuaded that defendant's mistrial motion should have been granted because during the trial some 50 items of clothing, only 19 of which were ultimately received in evidence, were exhibited on courtroom benches in full view of the jury. The clothing, all of which was identified by witnesses and marked in evidence, had been put there by the Court Clerk at County Court's direction to avoid unnecessary delay in and interruption of the trial's progress. These circumstances, coupled with the fact that the jury was charged to consider only the 19 items which were actually received,

neutralize any claim that the court abused its discretion when it denied a mistrial *(see, People v Ortiz,* 54 NY2d 288, 292).

Casey, J. P., Weiss, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.