■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. KIRBY, SR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Orange County (Bivona, J.), rendered June 29, 1989, convicting him of robbery in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was accused and subsequently convicted of robbery in the third degree and grand larceny in the fourth degree on a theory of accessorial liability (Penal Law § 20.00).

At the trial, the prosecution adduced evidence which established that at approximately 5:30 P.M. on December 9, 1987, Laurie Ann Ventura was shopping at the Value City store in Newburgh when a youth robbed her of her pocketbook and ran directly to a white Plymouth Fury vehicle which was parked on Gidney Avenue, a road exiting the parking lot. The youth, pocketbook in hand, entered the passenger side of the Plymouth which immediately drove off. The youth was pursued by Matthew Ventura, the victim's husband, who persuaded the driver of a passing vehicle to assist him in the pursuit of the getaway vehicle. A chase ensued but the getaway vehicle eventually eluded the pursuers. However, during the chase, at instances when the pursuing vehicle came alongside the getaway vehicle, Mr. Ventura observed his wife's pocketbook on the seat of the getaway vehicle between the driver and the youth. He also observed the features of the driver whom he identified in court as the defendant.

On appeal the defendant contends, among other things, that the court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 on the ground that the evidence presented failed to establish that he acted in concert with the perpetrator of the robbery. We disagree.

It is well settled that to justify a conviction on a theory of accessorial liability the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal (see, Penal Law § 20.00; *People v La Belle,* 18 NY2d 405). We are satisfied that there was legally sufficient evidence to sustain the jury's verdict that the defendant was a knowing accomplice *(People v Keitt,* 42 NY2d 926; *People v Jackson,* 44 NY2d 935).

The defendant's other contentions, including those raised in his supplement *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.