■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 15, 1989, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While the trial record demonstrates that, during cross-examination, a police witness referred to a statement made by the defendant which had not been the subject of a *Huntley* hearing (see, People v Huntley, 15 NY2d 72), we find unpersuasive the defendant's contention that this remark constituted reversible error. Initially, the record fails to support the defendant's assertion that the prosecutor had entered into a stipulation (see, CPL 710.60 [2] [b]) to forego the use of the challenged statement at the trial (cf., People v White, 73 NY2d 468, cert denied 493 US 859). Moreover, while we entertain serious doubt that the statement was the product of custodial interrogation and therefore had to be preceded by *Miranda* warnings (see, People v Huffman, 41 NY2d 29; cf., Miranda v Arizona, 384 US 436), we note, in any event, that, at worst, the witness's single, brief reference to the statement constituted harmless error given the strength of the People's case, the nature of the statement itself, and the trial court's prompt curative action in directing the jury to disregard the remark (see, People v White, supra; People v Moolenaar, 88 AD2d 1093; People v Jackson, 84 AD2d 794; People v Greene, 78 AD2d 904).

The defendant's claim that the prosecutor's summation improperly referred to his pretrial silence is unpreserved for appellate review, as this contention was not advanced at the trial level (see, CPL 470.05 [2]; People v Johnson, 110 AD2d 1057).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.