(October 26, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON HILL, Appellant. [632 NYS2d 881] —Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 27, 1993, upon a verdict convicting defendant of two counts of the crime of grand larceny in the fourth degree.

On October 17, 1992, a man and a woman were videotaped shoplifting in the children's department of a Sears Roebuck and Company store (hereinafter Sears), located in the Oakdale Mall in the Village of Johnson City, Broome County. The security manager, Patricia Russell, followed the two suspects into the parking lot, where they both dropped their bags and fled. The merchandise in the bags was brought back to the store where the merchandise from both bags was photographed and the value totaled on an adding machine at $1,001.58; the photographs of the merchandise and the adding machine tape were received in evidence during the trial.

On November 28, 1992, David Arseneau, a security officer at the Montgomery Ward store (hereinafter Wards) located in the

same mall, observed a man and a woman shoplifting in the children's department. The suspects, each carrying a bag, were followed outside and apprehended. Members of the security team picked up the merchandise, and Arseneau and another member of mall security proceeded to total the value of the items. Although Arseneau kept the bags separate, with $775.72 attributed to the man's bag, the total value of the merchandise from both bags was $1,693.33. Arseneau accompanied the merchandise and the arresting officer to the police station where it was kept in the custody of the police and was received in evidence during the trial. The suspects were identified as defendant and Delsa Sullivan.

Defendant testified before the Grand Jury that he stole merchandise from both Sears and Wards on the dates in question; however, he stated that he should not be held accountable for merchandise stolen by Sullivan from each store. Defendant was subsequently indicted by the Grand Jury on two counts of grand larceny in the fourth degree. In count one, defendant and Sullivan were charged with aiding and abetting one another on November 28, 1992, and in count two, defendant was charged with having been aided and abetted by an accomplice on October 17, 1992, both counts being in violation of Penal Law § 20.00 and § 155.30. After a jury trial, defendant was convicted of both counts charged in the indictment. Defendant was sentenced as a second felony offender to concurrent terms of incarceration of 1 1/2 to 3 years on each count. Defendant appeals.

We affirm. Initially we note that the stolen Wards merchandise, the adding machine tape and photographs were properly admitted into evidence. Contrary to defendant's contention, strict proof of the chain of custody was not required because clothing is not fungible (*see, People v Wynn*, 176 AD2d 375, 376; *see also, People v Shelton*, 162 AD2d 561); furthermore, the Wards merchandise was identified by the security guard who recovered and inventoried the items while the Sears merchandise, which was not available at the time of the trial, was identified through the same security officer who photographed the items and who ran the adding machine tape. It is also significant that defendant admitted that he and Sullivan stole the merchandise in question (*see, People v Joy*, 107 AD2d 938).

Defendant's contention that the People failed to prove his guilt beyond a reasonable doubt and that the verdict was against the weight of the evidence is without merit. Viewing the evidence in the light most favorable to the People (*see, People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), we

conclude that there was sufficient evidence introduced at the trial to show that the total market value of stolen goods in each incident exceeded $1,000 as required by Penal Law § 155.30 (1), that defendant intended to commit the crime and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided Sullivan (see, Penal Law § 20.00; see also, People v Kirby, 176 AD2d 822, 823, lv denied 79 NY2d 828). Defendant and Sullivan clearly shared a common plan to commit the crimes charged (see, People v Ball, 162 AD2d 989, 990, lv denied 76 NY2d 937). Additionally, it was rational for the jury to conclude that the value of the stolen merchandise on each count exceeded $1,000. We are satisfied that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Finally, we reject defendant's contention that County Court erred by not granting a motion for a mistrial upon the ground that a prosecution witness improperly testified that she had previously identified defendant at a police station show-up. County Court directed the jury to disregard the testimony and denied the motion. Notably, there is no question that defendant was the coperpetrator; he admitted that he was the man seen leaving Sears and the man apprehended outside of Wards. If any error was committed in this regard, it was clearly harmless.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.