THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CLARKE, Appellant. [883 NYS2d 96]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 21, 2005, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts), criminal possession of a forged instrument in the second degree, and unlawful wearing of a body vest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly granted the People's reverse-*Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]; *People v Luciano,* 10 NY3d 499, 502-503 [2008]; *People v Kern,* 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The court's determination that defense counsel's proffered reasons for challenging the juror in question were pretextual is entitled to great deference and is supported by the record (*see People v Boston,* 52 AD3d 728 [2008]). The defendant's claim that the juror in question should have been excused because she was twice a crime victim was not raised at the voir dire and, thus, is unpreserved for appellate review (*see People v King,* 277 AD2d 708, 709 [2000]). In any event, the defendant's challenge on this basis is without merit, as he did not question this juror further about the two incidents and did not challenge other jurors who were also crime victims (*see People v Quito,* 43 AD3d 411, 413 [2007]; *People v Richie,* 217 AD2d 84, 89 [1995]).

The defendant's contention that the trial court erred in admitting into evidence a body vest he was wearing at the time of the incident on the ground that the chain of custody for the body

vest was not established is without merit, since the item was not fungible (*see People v Hill,* 220 AD2d 927, 928 [1995]; *People v Javier,* 210 AD2d 118 [1994]).

The defendant's contention that a witness's testimony as to certain inculpatory statements he made constituted inadmissible hearsay is without merit (*see People v Samuels,* 162 AD2d 559 [1990]). Further, the allegations of prosecutorial misconduct committed during cross-examination of the defendant are unpreserved for appellate review and, in any event, are without merit.

The defendant contends that the People violated *Brady v Maryland* (373 US 83 [1963]) and CPL 240.20 (1) (a) in untimely disclosing statements made by his codefendant to an Assistant District Attorney and in failing to disclose statements the codefendant made to the court in camera. However, those statements inculpated the defendant and did not concern the "credibility of a *prosecution* witness" (*People v Baxley,* 84 NY2d 208, 213 [1994] [emphasis added]; *see People v Bryant,* 247 AD2d 400, 401 [1998]). Further, the statements made to the court in camera were not within the People's "possession, custody, or control" (*People v Carnett,* 19 AD3d 703 [2005]). With respect to the alleged violations of CPL 240.20 (1) (a), the defendant was not "substantially prejudiced" (*People v Iljaz,* 282 AD2d 689, 689 [2001]) by the People's delay in disclosing the statements that were made to one of their assistants (*id.*; *see People v Jacobson,* 60 AD3d 1326, 1328 [2009]), and the People had no obligation to disclose the statements that were made to the court in camera as the court is not a "public servant engaged in [a] law enforcement activity" (CPL 240.20 [1] [a]).

The defendant's challenges to remarks by the prosecutor in summation and the trial court's instructions to the jury are unpreserved for appellate review and, in any event, are without merit.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Upon viewing the record as a whole, we conclude that the defendant was not denied the effective assistance of counsel (*see Strickland v Washington,* 466 US 668 [1984]; *People v Henry,* 95 NY2d 563, 566 [2000], *cert denied* 547 US 1040 [2006]; *People v Rivera,* 49 AD3d 783, 783-784 [2008]).

The defendant's remaining contentions are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.