■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL BILLY, Appellant. [941 NYS2d 514]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered July 6, 2009, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly granted the People's reverse-*Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Luciano*, 10 NY3d 499, 502-503 [2008]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The Supreme Court's determination that defense counsel's proffered reasons for challenging the juror in question were pretextual is entitled to deference and is supported by the record (*see People v Clarke*, 64 AD3d 612 [2009]; *People v Richie*, 217 AD2d 84, 89 [1995]). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GARCIA, Also Known as JESUS GARCIA, Appellant. [941 NYS2d 516]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Griffin, J.), imposed October 19, 2009, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Under the circumstances of this case, the defendant's waiver of the right to appeal does not foreclose his right to challenge the sentence ultimately imposed (*see People v Johnson*, 92 AD3d 696 [2012]; *People v Banchs*, 22 AD3d 595 [2005]). Nevertheless, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Skelos, Leventhal, Austin and Cohen, JJ., concur.