■ The People of the State of New York, Respondent, v Jhonny Garcia, Appellant. [981 NYS2d 404]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 24, 2011, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him to an aggregate term of five years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the conviction of criminal possession of a weapon in the third degree to criminal possession of a weapon in the fourth degree, and otherwise affirmed.

The court properly denied defendant's suppression motion without a hearing. The conclusory allegations in defendant's moving papers, when considered in the context of the detailed information provided to defendant concerning the basis for his arrest, were insufficient to create a factual dispute requiring such a hearing (*see People v Burton*, 6 NY3d 584, 587 [2006]; *People v Jones*, 95 NY2d 721, 729 [2001]). Although on appeal defendant posits a potential factual issue, he raised no such issue in his moving papers.

The court properly denied defendant's challenge for cause to two prospective jurors who initially expressed a bias towards believing a police officer over other witnesses. The court took

appropriate corrective action (*see People v Bludson*, 97 NY2d 644, 645-646 [2001]) by promptly instructing the jury panel on determining a witness's credibility and treating an officer's testimony the same as other testimony. Both of the panelists at issue then gave unequivocal assurances that they would follow these instructions. When viewed in context, a panelist's use of the word "try" did not render his assurance equivocal (*see e.g. People v Shulman*, 6 NY3d 1, 28 [2005], *cert denied* 547 US 1043 [2006]; *People v Rivera*, 33 AD3d 303 [2006], *affd* 9 NY3d 904 [2007]).

The court properly admitted into evidence a lock and set of keys that were relevant to the issue of constructive possession. These items were nonfungible and had identifying characteristics, and there was testimony that they had not been altered. Accordingly, there was a sufficient foundation for receiving these items notwithstanding any gaps in the chain of custody (*see generally People v Connelly*, 35 NY2d 171, 174 [1974]). Defendant's challenges to this evidence go to weight rather than admissibility, particularly to the extent they raise credibility issues. In any event, the physical items were essentially cumulative to testimony that the police recovered keys from defendant and observed that one of the keys fit the lock in question.

Defendant did not preserve his challenge to the legal sufficiency of the second-degree weapon possession count that required proof of unlawful intent, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence warranted the conclusion that defendant intended to use the weapon unlawfully against another person.

As the People concede, defendant's conviction of criminal possession of a weapon in the third degree was not supported by sufficient evidence, in that it was based on a prior conviction that was a violation rather than a crime. Concur—Tom, J.P., Friedman, Acosta, Andrias and Richter, JJ.