The People of the State of New York, Respondent, *v.* Jessie J. Tisdale, Appellant.

Fourth Department April 12, 1963.

*Nathan J. Robfogel* for appellant.

*John J. Conway, Jr.* (*S. K. Pollard* of counsel), for respondent.

BASTOW, J. While there is ample evidence to support the verdict of the jury there were prejudicial errors in the admission of evidence and inadequacies in the charge that require reversal and a new trial.

Defendant was found guilty of murder, second degree as charged in an indictment. It was alleged therein that on December 26, 1958 he shot and killed a third party. The shooting culminated a dispute in a crowded bar. The People called a substantial number of eyewitnesses. It developed as a part of the People's case that defendant on the day following the alleged crime had made a statement to the police. Therein appellant, in substance, admitted firing the fatal shot but asserted facts from which it might have been found that the act was done in self-defense. In addition defendant denied prior possession of the gun and claimed that in the midst of the melee someone " handed me a gun ".

These admissions made in the form of questions and answers in the presence of a stenographer and a prosecutor, of course, were admissible. But the receipt in evidence of the proceedings in the police station prior to the making of these admissions were so clearly inadmissible and prejudicial to appellant that a new trial is required.

When first questioned, defendant denied the crime or any participation therein. In an apparent effort to demonstrate to appellant the falsity of these statements the prosecutor called five of the eyewitnesses into the room where appellant was being questioned. Each was separately questioned in the presence of the defendant, the witness was then excused and defendant questioned anew. He continued his denials so the procedure adopted was a fruitless effort. It was only after questioning by two detectives in another part of the police station that the admissions were forthcoming.

Upon the trial the prosecutor, however, was permitted to read the questions put to the five witnesses and their answers thereto. This was done over the vigorous and repeated objections of defense counsel. This procedure, of course, violated several well-recognized rules of law and evidence. The witnesses, as heretofore stated, had previously testified for the People. Some new matter was brought out from these statements that the witnesses had not given from the witness stand. Thus, defendant was deprived of the right of confrontation and cross-examination (Code Crim. Pro., § 8; Civil Rights Law, § 12). (See, generally, 5 Wigmore, Evidence [3d ed.], § 1395, pp. 123, 125, 126.)

There is, of course, a statutory rule that for purpose of impeachment a party may introduce proof that a witness has made a prior statement in a subscribed writing or under oath inconsistent with his testimony. (Code Crim. Pro., § 8-a.) But the legal principle is well established that the use of such a prior statement has no substantial or independent testimonial value and may not be introduced " as affirmative evidence of guilt or the facts stated ". (*People* v. *Freeman,* 9 N Y 2d 600, 605; *People* v. *Ferraro,* 293 N. Y. 51, 56; *People* v. *Kenda,* 3 A D 2d 80, 85.) Moreover, the duty rests on the trial court to instruct the jury with clarity that such a prior statement is used for the sole purpose of impeachment or refreshing the recollection and that it has no testimonial value. (*People* v. *Welch,* 16 A D 2d 554, 558; *People* v. *Shingles,* 281 App. Div. 647, 649.)

In the case before us some of the statements made by the witnesses in the police station differed from their testimony given during the trial. The trial court attempted to remedy the situation by applying some of the foregoing principles. Thus, at one point the court said: " As I have previously indicated, the court deems (the police station statements of the witness) admissible under the method of questioning the defendant. However, in view of the repeated objection, the court will direct the jury it is to be governed by the statement of the witness on the stand in the court room."

The principle is recognized, as contended by respondent, that the People may offer proof of the resort to falsehood and evasion by one accused when questioned. (*People* v. *Conroy,* 97 N. Y. 62.) But the equivocations and denials of defendant were provable without the receipt of the extrajudicial statements of the prior witnesses. While the rule was once to the contrary (*Kelley* v. *People,* 55 N. Y. 565) it is now established, however, that a person in custody on a charge of a crime committed jointly with another person is not called upon to contradict statements prejudicial to him, made in his presence by the other person, in answer to inquiries made by an officer. Moreover, such statements, though not contradicted by him, are not admissible in evidence against him. (*People* v. *Rutigliano,* 261 N. Y. 103; *People* v. *Dolce,* 261 N. Y. 108; *People* v. *Pignataro,* 263 N. Y. 229, 236.) (See, also, *People* v. *Mleczko,* 298 N. Y. 153; *People* v. *Young,* 72 App. Div. 9.)

The presentation to the jury of these nonjudicial statements of the five witnesses was highly prejudicial to defendant. If doubt remained it would be removed by the culminating act of this confusing and erroneous procedure when the prosecutor placed before the jury the police station statement of the witness,

James, that defendant had told James on an occasion prior to the shooting that appellant possessed a gun. James when on the witness stand had testified to no such fact.

Lastly, we advert to the failure of the trial court to marshall the evidence. More than 40 years ago it was written in *People v. Odell* (230 N. Y. 481, 488): " The trial judge should not as a rule limit himself to stating good set terms of law culled from the codes and the reports. Jurors need not legal definitions merely. They require proper instructions as to the method of applying such definitions after reaching their conclusions on the facts." In recent years we have returned to the subject on repeated occasions and reiterated the admonition that this should be done. (*People v. Lewis*, 13 A D 2d 714; *People v. Tunstall*, 5 A D 2d 338, 346; *People v. Kenda*, 3 A D 2d 80, 87; *People v. Birch*, 283 App. Div. 844.)

This trial continued for nearly 10 days and more than 30 witnesses testified. The charge consisted of " good set terms of law culled from the codes and the reports ". Even as to the issue of self-defense, crucial to appellant, no attempt was made to instruct the jury as to the manner of applying the pertinent legal principles to the facts presented. We agree with the statement in the District Attorney's brief that the trial court is not required to " anatomize " the evidence. But the Trial Judge may not ignore the facts and content himself with the reading of statutory provisions and the statement of legal principles.

The judgment should be reversed and a new trial granted.

WILLIAMS, P. J., GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted.