■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GRACE MAE WILLIAMS, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Appellant, claiming to have acted in self-defense, testified that the victim sustained a stab wound from a knife held

by her when he lunged against it in assaulting her. The People called a witness who in Grand Jury testimony and in a signed statement had indicated that defendant was not acting in self-defense. When the witness failed to testify in accordance with the previous testimony and statement, the District Attorney, pursuant to the provisions of section 8-a of the Code of Criminal Procedure, used the previous testimony and statement to impeach him and to refresh his recollection and in so doing disclosed their contents to the jury. They could not be received as affirmative evidence of facts and a duty rested upon the trial court so to instruct the jury (*People v. Freeman*, 9 N Y 2d 600, 609). It failed to do so, either at that time, in its charge, or when the testimony was later read to the jury at its request. Furthermore, the court in marshaling the evidence erroneously used the words of the signed statement instead of the 'tness' testimony, and the District Attorney in his summation also told the jury that the witness had so testified. In *People v. Tisdale* (18 A D 2d 274) which reversed a judgment of conviction and granted a new trial in a similar situation we said at page 276: " There is, of course, a statutory rule that for purpose of impeachment a party may introduce proof that a witness has made a prior statement in a subscribed writing or under oath inconsistent with his testimony. (Code Crim. Pro., § 8-a.) But the legal principle is well established that the use of such a prior statement has no substantial or independent testimonial value and may not be introduced ' as affirmative evidence of guilt or the facts stated '. (*People v. Freeman*, 9 N Y 2d 600, 605; *People v. Ferraro*, 293 N. Y. 51, 56; *People v. Kenda*, 3 A D 2d 80, 85.) Moreover, the duty rests on the trial court to instruct the jury with clarity that such a prior statement is used for the sole purpose of impeachment or refreshing the recollection and that it has no testimonial value." We find that the substantial rights of appellant have been affected. (Appeal from judgment of Wayne County Court convicting defendant of manslaughter, first degree.) Present — Del Vecchio, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.