■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD S. JONES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered October 16, 1969, convicting him of attempted robbery in the second degree and attempted petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was convicted of an attempted robbery of a grocery store. The testimony given at the *Wade* hearing established that defendant was arrested by the police several blocks from the scene of the crime after an almost continuous pursuit which began at the scene. Defendant and an accomplice were brought directly back to the store by the police within 25 or 30 minutes after the commission of the crime, where the owner identified defendant as one of the culprits. In our opinion, the procedure employed was fair and did not result in a deprivation of due process (*People* v. *Logan*, 25 N Y 2d 184; *People* v. *Dow*, 34 A D 2d 224; *People* v. *Pickett*, 31 A D 2d 1007; *People* v. *Moore*, 23 N Y 2d 816). We are further of the opinion that under these circumstances the failure to afford defendant the assistance of counsel at this pretrial confrontation did not run afoul of the requirements set forth in *United States* v. *Wade* (388 U. S. 218) and *Gilbert* v. *California* (388 U. S. 263). (See *Russell* v. *United States*, 408 F. 2d 1280; *Solomon* v. *United States*, 408 F. 2d 1306.) The in-court identification as well as testimony as to the pretrial identification was therefore properly admitted into evidence. We have considered and rejected defendant's other claims of error. Rabin, P. J., Hopkins, Munder, Latham and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW·YORK, Respondent, v. DAVID McLEAN, Appellant.— Appeal by defendant from a judgment of the County Court, Rockland County, rendered December 1, 1970, convicting him of robbery in the second degree and other related crimes, upon a jury verdict, and imposing sentence. Judgment reversed, in the interests of justice, and new trial ordered. The findings of fact below are affirmed. In the interests of justice, and in view of the reversal of the judgment of conviction of appellant's codefendant (*People* v. *Johnson*, 38 A D 2d 744), the instant judgment should likewise be reversed and a new trial ordered. Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.