■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILL SUMMERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 11, 1974, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. On August 6, 1973, at approximately 4 P.M., the body of Lester Creekmore was discovered by police officers in front of 107-31 Union Hall Street, Jamaica, New York. The cause of death was established as a bullet wound of the chest. Defendant was indicted for the crime of murder, tried, convicted and sentenced. Eleven-year-old Tyrone Newsome, testifying on behalf of the prosecution, said that he saw defendant shoot the decedent. However, on cross-examination he recanted his testimony as follows: He said he had told his guidance teacher that his Grand Jury testimony (which was similar to his testimony on direct examination) was false; that he and his teacher then went to the Queens County Bar Association, to the Legal Aid Society and to the Assistant District Attorney who tried the case and told them that he had lied to the Grand Jury; that he had not seen the shooting; and that he arrived at the scene after the shooting occurred. When asked why he lied both to the Grand Jury and on direct examination he answered that prosecution witness Ada Washington had threatened to hurt him or members of his family if he did not inculpate defendant. The trial

court then declared Newsome to be a hostile witness and permitted the prosecutor to read relevant portions of his Grand Jury testimony. The witness said he remembered the questions and answers, but repeated that the answers were false. When the court charged the jury it gave a cursory instruction that out-of-court statements are not evidence-in-chief. No explanation of the concept was given. To the contrary, when the court attempted to marshal the evidence it conveyed the impression that Newsome's Grand Jury testimony could be considered as evidence-in-chief, by instructing the jury as follows: "Then you had Tyrone Newsome, an eleven year old boy. He testified on this witness stand that he didn't see actually the shooting, he wasn't there, but he had testified in the Grand Jury to the direct opposite. It is for you to determine. No use going into detail. I am sure you are well aware of everything he stated. It is up to you to determine where the truth lies." The duty rests on the trial court to instruct the jury with clarity that a prior statement is used for the sole purpose of impeachment or refreshing the recollection and that it has no probative value *(People v Freeman,* 9 NY2d 600, 605; *People v Ferraro,* 293 NY 51, 56; *People v Williams,* 37 AD2d 686, app dismd 31 NY2d 151; *People v Tisdale,* 18 AD2d 274). Such a charge was not given here; thus a substantial right of defendant was adversely affected. A second prosecution witness, Ada Washington, testified that she saw defendant and the decedent arguing; that she saw defendant reach into his belt for something; that she heard a shot; that she saw the decedent fall; and that she saw defendant flee. On cross-examination she was questioned about various criminal acts. She denied any involvement therein and said she was found not guilty in a previously pending criminal case. On the basis of information obtained by defense counsel, he sought to cross-examine her with respect to the fact that, rather than having been found not guilty, she had failed to appear and a bench warrant had been issued against her. The court barred inquiry on the subject. This was error. It is well settled that a witness may be questioned on cross-examination with respect to any immoral, vicious, or criminal act of his life which may affect his character and show him to be unworthy of belief, provided the cross-examiner questions in good faith and upon a reasonable basis in fact *(People v Kass,* 25 NY2d 123; *People v Alamo,* 23 NY2d 630, cert den 396 US 879; *People v Sorge,* 301 NY 198; *People v Webster,* 139 NY 73). Further, it is not improper for the cross-examiner, acting in good faith, to continue questioning the witness on the chance that he may change his answer *(People v Sorge, supra).* The extent of cross-examination, however, rests in the discretion of the trial court and its rulings are not subject to review, unless it clearly appears that the discretion had been abused *(People v Sorge, supra; La Beau v People,* 34 NY 223). In this case the trial court did not afford the defense any opportunity to make the witness change her mind. The initial questioning about the bench warrant was objected to. The objection was sustained and the witness did not even have a chance to admit or deny whether a warrant had been issued. The court, in sustaining the objection, thwarted all efforts by defense counsel to show that Washington was unworthy of belief. Under the circumstances of this case, where the jury's verdict turned on the credibility of the witnesses, the Trial Judge abused his discretion in not permitting further inquiry. These errors deprived defendant of a fair trial. Therefore, the judgment should be reversed and a new trial ordered. Rabin, Acting P. J., Martuscello and Shapiro, JJ., concur; Cohalan and Brennan, JJ., dissent and vote to affirm.