■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES G. SMITH, Appellant.—Appeal from a judgment of the Albany County Court, rendered June 22, 1977, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the first degree, forgery in the second degree and criminal possession of a forged instrument in the second degree and sentencing him to three concurrent indeterminate terms of two and one-third to seven years. The principal issue is whether the trial court committed reversible error in denying defendant's motion to suppress identification testimony. Defendant's contention that the in-court identification was the result of a previous show-up identification procedure so suggestive as to deny him due process is without merit. Rose Lawlor, a bank teller, testified that on October 12, 1976 she spent approximately 25 minutes with defendant assisting him in opening a savings account into which he deposited a stolen check. Subsequent to this meeting Miss Lawlor observed the defendant in the bank on October 13, 14, 15 and 18 and, on the last two dates, actually spoke with him for extended periods of time. Clearly, these encounters constituted a sufficient independent basis for Miss Lawlor's in-court identification of the defendant, and, further, given defendant's arrest in the immediate area of the bank on October 18, 1976, the pretrial identification procedure of driving the defendant to the bank and asking Miss Lawlor to identify him while he sat in the rear seat area with another

male was not unduly suggestive or unfair. "Fairness" of show-up identification procedures is measured by the reasonableness of the police actions in light of the surrounding circumstances. Prompt or instantaneous show-up identifications, as here, are productive of reliable identifications of wrongdoers and are more logically equated with good police work rather than denial of due process *(People v Logan,* 25 NY2d 184; *People v Jones,* 38 AD2d 745; *People v Ambrosoli,* 33 AD2d 881). The sentences imposed were not excessive. The defendant, age 19, had an extensive criminal record and the sentences were well within the limits set forth in section 70.00 of the Penal Law *(People v Gemmill,* 34 AD2d 177). Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.