■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. WILMER, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 18, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. Defendant was charged with burglary, second degree, and grand larceny, second degree. He moved to suppress evidence seized from him and a statement made, as well as identification testimony, on the ground his constitutional rights had been violated. Following a hearing, this motion was denied, the court finding that the arrest was made upon reasonable and probable cause; that the search and seizure made incident to a lawful arrest were proper; that the *Miranda* warnings were given and defendant intelligently and voluntarily waived his rights before making an inculpatory statement; and, finally, that in-court identification testimony from one Watson, a security guard, would not unfairly prejudice defendant. Thereafter, defendant pleaded guilty to burglary, second degree, in full satisfaction of the indictment and was sentenced as a violent felony offender (Penal Law, § 70.02) to an indeterminate term of three to nine years in prison. The judgment should be affirmed. The record reflects that a security guard at the apartment complex observed defendant from a distance of only five to six feet at 1:50 A.M. as he exited an apartment which the guard knew was not defendant's residence. The guard also observed a broken window in the apartment and defendant's body characteristics and his clothing. He summoned the police, giving them defendant's description and the direction in which he fled. When approached by the police, defendant fled. Within 10 minutes, the police had apprehended and returned him to the scene where he was identified by the guard. From the facts in the record, it is clear that the police had probable cause to arrest defendant the moment he attempted to flee from them (CPL 140.10, subd 1, par [b]). "Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" (*People v Oden,* 36 NY2d 382, 384). Contrary to defendant's argument, probable cause does not necessitate awareness of a specific consummated crime, but only that some crime may have been committed (*People v Schneider,* 58 AD2d 817, 818). In making the arrest, the officers were acting with specific knowledge that a burglary had at

least been attempted and a description of the alleged perpetrator comporting with that of defendant. Under these circumstances, defendant's attempt to flee became a significant and proper factor to consider in assessing probable cause (*Peters v New York,* 392 US 40, 66; *People v Schneider,* 58 AD2d 817, *supra;* cf. *People v Howard,* 50 NY2d 583). This is not an instance where the police lacked objective criteria evincing criminal activity when first confronting a suspect (see *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106). Considering the totality of the circumstances, including proximity of time and place, we find that the officers acted properly and efficiently in effecting defendant's arrest (see *People v Valdez,* 78 AD2d 449). Consequently, the physical evidence seized and statements made were not obtained by exploitation of an illegal arrest. Nor do we find the "show-up" procedure to have been so suggestive as to deprive defendant of due process under the Federal and State Constitutions. "Prompt or instantaneous show-up identifications * * * are productive of reliable identifications of wrongdoers and are more logically equated with good police work rather than denial of due process" (*People v Smith,* 63 AD2d 754, 755, and cases cited therein). As noted, defendant was returned to the burglary scene within 10 minutes after the police first arrived (cf. *People v Adams,* 53 NY2d 241, 249 [showup at station house several hours after crime committed held improper]). Although Watson conceded that he did not see defendant's face when he exited the apartment, he did have ample opportunity to observe clothing and body characteristics. It was on the basis of recognition of defendant's cap and coat that identification was made. Again, considering the totality of the circumstances, the identification procedure was not so suggestive or unfair as to violate due process of law. Finally, we reject defendant's contention that the sentence was harsh and excessive. The court adhered to the terms of a negotiated plea bargain and imposed a sentence well within the parameters of the sentencing statute (Penal Law, §§ 70.00, 70.02). Judgment affirmed. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.