■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASZLO HUNYADI, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered January 4, 1982, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree. The facts in the instant case are largely uncontested. It was reported to correction officials that defendant, a prison inmate, and another inmate exchanged something in a suspicious manner in the prison yard. Both were frisked when brought to the housing area. Defendant was found to have a thermos bottle in his possession in the lining of which was found a table knife, whose end was sharpened to a point. The other inmate was found to have some marihuana in his possession. When questioned as to whom the thermos belonged, defendant claimed it was his. At trial, defendant contended that the thermos was given to him by an inmate named Cohen and that he was told to give it to an inmate named Flocko. Defendant contended that he was unaware that the thermos contained a knife in its lining. Following a jury trial, defendant was convicted of the crime of promoting prison contraband in the first degree. On appeal, defendant raises a variety of issues, some of which merit comment. On cross-examination, the District Attorney asked defendant whether he had told any correction officer at any time that the thermos had come from another inmate. He also referred to defendant's silence on that point in his summation. Defendant contends that this was in contravention of his right to remain silent and in violation of principles enunciated by the Court of Appeals in *People v Conyers* (52 NY2d 454). Defendant urges that he had not waived his right to remain silent after an arrest and an appropriate advisement of *Miranda* rights and that such questions and comments by the District Attorney were improper. We note that defendant did not preserve the error by objection for our review. We decline to reverse in the interest of justice (CPL 470.15, subd 3, par [c]; subd 6, par [a]) and conclude that the District Attorney's questions and comments under the circumstances of this case do not require an exercise of our discretion. It was always the People's contention in this case that defendant had been handed something in the jail yard by another inmate and that is why he was

stopped and frisked. The District Attorney's comments, although suggesting a recent fabrication by defendant, were at odds with the evidence the People themselves had presented and which was already before the jury. Under these circumstances, defendant's right to remain silent was not impinged on to his detriment. Defendant contends, also, that his right to a speedy trial pursuant to CPL 30.20 and 30.30 was infringed. A motion to dismiss an indictment for failure to comply with CPL 30.30 must be made in writing and upon reasonable notice to the People (*People v Marrero*, 85 AD2d 610). Examination of the record reveals that this requirement was not followed here. Defendant is, therefore, not entitled to have the matter considered. We find no merit to the other contentions raised by defendant. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.