■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL ALLSBROOK, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 8, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree (one count), attempted sodomy in the first degree (two counts) and robbery in the second degree (one count). ¶ At approximately 11:00 P.M. on March 15, 1983, Mary Walker left the residence of her friend, Linda Fitzpatrick, and, while walking through a schoolyard in the City of Albany, was attacked, raped and sodomized by three individuals, one of whom is the defendant herein. When released, Walker ran back to the Fitzpatrick house for assistance. Fitzpatrick walked to the schoolyard area and followed three people, two males and a female, to a bar located on the corner of Sheridan and Lexington Avenues in the City of Albany. When she returned to her home, she learned that her husband had called the police. When the police arrived, Fitzpatrick related the events and informed the officers that the perpetrators were in the Yanas bar at the corner of Sheridan Avenue. Upon arriving at the Yanas bar, Fitzpatrick pointed out the three people she had followed to the police. At this point the victim, Mary Walker, entered the bar with the police and identified her attackers. ¶ Defendant, along with the two others, was tried and convicted of first degree rape, two counts of attempted sodomy in the first degree and robbery in the second degree. The robbery conviction was based on the theft of two rings from the victim. Defendant was sentenced to several indeterminate sentences to be served consecutively. This appeal by defendant ensued. ¶ Because of prosecutorial error during the trial,

we are constrained to reverse the judgment and remit the matter for a new trial. ¶ Bolstering a victim's in-court identification by third persons other than an eyewitness is plainly error (see *People v Mobley,* 56 NY2d 584). This error cannot be deemed harmless where "the evidence of identity is not so strong that there is no substantial issue on the point" (*People v Orse,* 91 AD2d 1003, 1004). The complainant's identification testimony was equivocal at best. She testified that the man who raped her had "fuzzy" hair, some kind of facial hair, wore a ring or rings and was wearing what she described as an "orange" jacket. While this description was not totally inaccurate, it failed to identify defendant by facial features. Walker was also confused as to whether defendant or his male codefendant had a mustache. Next, the "orange" jacket turned out to be a blue vest with an orange lining. Between the time of the arrest, the time of the pretrial hearing and the time of the trial, the victim's story changed in several subtle ways, the most significant change being the switch from identifying her attackers as three males to two males and a female. Given the ambiguity of Walker's identifying testimony, the bolstering testimony of police officer Kenneth Kennedy that, on the night in question, he had seen complainant point out defendant in the Yanas bar was extremely prejudicial (see *People v Trowbridge,* 305 NY 471). The policy behind the *Trowbridge* rule is to prevent an inaccurate identification, however well intentioned, to become fixed in the minds of the jury solely through repetition (see *People v Caserta,* 19 NY2d 18, 21). Such bolstering testimony is not prejudicial only when the evidence of identity is so strong that there is no substantial issue on the point (*People v Malloy,* 22 NY2d 559, 567). Here, absent the testimony of Officer Kennedy, there is no "clear and strong" identification testimony of defendant. ¶ While normally a specific objection is required to preserve an error on appeal, and none was made by defense counsel to the bolstering testimony of the police officer, where, as here, there is no overwhelming evidence of guilt and where, again as here, the evidence of identity is not so strong that there is no substantial issue on the point (*People v Malloy, supra*), a reversal in the interest of justice is permissible even absent such an objection. ¶ We also hold that the trial court's charge was inadequate. When identification of a defendant in a criminal case is the critical issue, the trial court should provide the jury with guidance or criteria to enable it to properly resolve the issue (*People v Gaines,* 80 AD2d 561, 562). Here, the court merely stated, "It is the obligation of the People of this case to prove each and every element of each and every crime charged beyond a reasonable doubt, and this includes the identity of each of the defendants as the persons who committed the crimes alleged." Such a limited charge with respect to the central issue in this case, particularly in the context of weak and confused testimony by the victim, lacks the requisite guidance on how to evaluate identification testimony that would have been present if the court had marshaled the relevant evidence and provided direction for the jury (see *People v Whalen,* 59 NY2d 273, 279). ¶ We also conclude that the trial court erred when it did not permit defendant's counsel to question witness Fitzpatrick about previous false testimony she gave to the police. Before Fitzpatrick was called as a witness, the court held a hearing to determine whether defense counsel could impeach her credibility by questioning her about a previous arrest on a driving while ability impaired charge. Although this charge was adjourned in contemplation of dismissal, in connection with this arrest Fitzpatrick used a friend's license rather than her own and, in so doing, furnished false information to the police. At the conclusion of the hearing, the trial court ruled that defense counsel could not question the witness about the underlying charge or the furnishing of false information. We disagree. In our view the false information incident, as opposed to the underlying charge, was not a previously charged crime but a prior bad act bearing

heavily on the issue of credibility (see *People Provenzano,* 79 AD2d 811, 813-814, revd on other grounds 50 NY2d 420). Next, Fitzpatrick was not a defendant but merely a nonparty witness. The status of Fitzpatrick as a witness makes inapplicable the rationale set forth in *People v Sandoval* (34 NY2d 371) to the effect that evidence of past conduct can be used to demonstrate a propensity on the part of a defendant witness to commit the crime charged. Here, unlike the dilemma posed for a defendant in a *Sandoval* hearing, the focus of the impeachment of a witness is credibility not guilt or innocence. Since Fitzpatrick could not have suffered any consequence as the result of her prior bad act being revealed through cross-examination, and since her credibility or lack thereof was critical to defendant's defense, we conclude that it was reversible error for the trial court to prohibit questioning of Fitzpatrick on the false information incident. ¶ While the errors discussed may not individually be prejudicial, taken cumulatively they warrant reversal. Having determined that a new trial is necessary, we do not reach any other issues. ¶ Judgment reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to County Court of Albany County for a new trial. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.