■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL ALLSBROOK, Appellant. — Motion for reargument of a decision of this court, dated July 26, 1984, which reversed a judgment of the County Court of Albany County (Harris, J.), rendered June 8, 1983.

The People have moved for reargument of our July 26, 1984 decision reversing defendant's conviction for first degree rape, two counts of first degree attempted sodomy, and second degree robbery (*People v Allsbrook,* 103 AD2d 983). The primary grounds for reversal, i.e., improper bolstering of the victim's identification testimony and inadequacy of the jury charge on identification, were based upon our conclusion that the identification testimony by the victim was equivocal. Since neither the bolstering testimony nor the jury charge was objected to, we reversed in the interest of justice because we viewed the identification testimony as weak. On the original appeal, we did not have the majority of the trial exhibits before us. Viewing these exhibits on reargument, it is now clear that the two primary inconsistencies which we found in the identification testimony are not significant. We noted that the victim stated that defendant was wearing an orange jacket when, in fact, he was wearing a blue vest with an orange lining. Upon viewing the garment, it is a heavy winter vest which could reasonably be described as a jacket. Indeed, at trial, several of the witnesses referred to the garment as a jacket. Additionally, while the vest is not designed to be reversible, it is clear that it could be worn

inside out with the orange lining facing out. The victim testified that defendant was wearing it inside out. Thus, any inconsistency in the description of the jacket is insignificant.

The second major inconsistency in the identification testimony is that the victim initially described her assailants as three men and later changed her description to two men and one woman. Upon reviewing the photographs of defendant and his codefendants which were introduced at trial, it is apparent that this inconsistency also is not significant. The female codefendant was dressed in men's clothing and her hair was cut short. Additionally, she is taller than her codefendants. Most important, at trial, the victim specifically identified each of the defendants as her assailants and they were the same individuals she identified to police the night she was attacked. Upon reviewing the victim's identification testimony in light of the trial exhibits, it is our view that the evidence on identification was not ambiguous or equivocal. Thus, consideration of the improper bolstering testimony and the jury charge is not warranted in the interest of justice in the absence of an objection by trial counsel.

Moreover, even if we considered the issues, they would not warrant reversal. Since the evidence of identity was not weak or equivocal, the bolstering testimony was not prejudicial (see *People v Malloy*, 22 NY2d 559, 567) and the trial court's charge on this point was adequate.

The only remaining issue upon which our previous decision to reverse was based was the trial court's error in not allowing defense counsel to cross-examine a prosecution witness regarding a previous incident where she gave false information to police. As pointed out in the original decision, this error, standing alone, would not be prejudicial. Since the remaining allegations of error have now been found to be without merit, this error, by itself, does not warrant reversal.

Motion for reargument granted; decision dated July 26, 1984 rescinded and order entered July 31, 1984 vacated, and, on reargument, judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.