■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH A. IRVING, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 8, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree (one count), attempted sodomy in the first degree (two counts) and robbery in the second degree (one count).

Defendant, along with two others, was charged in a four-count indictment with rape in the first degree, sodomy in the first degree, attempted sodomy in the first degree and robbery in the second degree. The charges emanated from an attack on one Mary Walker on March 15, 1983 in the City of Albany, the underlying facts of which are set forth in our previous decision concerning one of the codefendants (see *People v Allsbrook,* 103 AD2d 983, vacated on rearg 105 AD2d 467). Defendant was tried and convicted as indicated above and was sentenced to several consecutive indeterminate sentences. This appeal ensued.

Defendant initially contends that the verdict was against the weight of the trial evidence. She challenges the credibility of both the victim and the witness, Linda Fitzpatrick, particularly as to identification, and asserts that the medical evidence failed to demonstrate the occurrence of a sexual assault. We disagree. Upon review, the verdict must be considered in a light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203). Credibility of the witnesses is within the jury's exclusive domain (*People v Cummings,* 90 AD2d 622, 623; see, also, *People v Bigelow,* 106 AD2d 448). Contrary to defendant's contention in her brief, there is medical testimony confirming the presence of sperm on the victim's clothing. This fact, coupled with the victim's own testimony, provides ample basis to establish the occurrence of a sexual attack. The identification issue has already been reviewed in our decision in *People v Allsbrook* (105 AD2d 467, *supra*), where we concluded that the evidence on identity was neither ambiguous nor equivocal. In view of this finding and defendant's failure to raise an objection at trial, her primary contentions of improper bolstering of the victim's identification testimony and inadequacy of the jury charge on identification have not been preserved for our review. In any event,

"[s]ince the evidence of identity was not weak or equivocal, the bolstering testimony was not prejudicial [citation omitted] and the trial court's charge on this point was adequate" (*id.*, p 468). Moreover, even assuming, *arguendo*, that the pretrial identification procedures at the Yanas bar were unduly suggestive, the record confirms an independent basis for the victim's in-court identification untainted by any improper conduct (see *People v Ballott*, 20 NY2d 600; *People v Bell*, 94 AD2d 894, affd 63 NY2d 796; *People v Miller*, 74 AD2d 961; see, also, *People v Smith*, 63 AD2d 754). Clearly, there was ample basis in the record to support the verdict.

Defendant's remaining contentions of error are equally unavailing. Probable cause for the arrest was readily established from Walker's description of the attack and Fitzpatrick's pursuit of the assailants to the nearby Yanas bar, where both witnesses identified the perpetrators within minutes of the incident. We perceive no error in the trial court's charge on accomplice liability (Penal Law, § 20.00). Walker's narrative of the incident confirms that defendant was actively involved throughout and thus liable for the crimes of rape and attempted sodomy committed by her codefendants. That defendant is a female is not a defense to the rape conviction (Penal Law, § 20.05, subd 3). Since defendant failed to request the submission of any lesser included offenses, she may not now assert any error in that regard (CPL 300.50, subd 2; *People v Roberts*, 91 AD2d 1099, 1100). Nor has she articulated which lesser included offenses should have been charged (see *People v Glover*, 57 NY2d 61, 63-64). Finally, given the particularly brutal nature of the crimes committed, we cannot say that the trial court abused its discretion by imposing the maximum sentence allowable (see *People v Anderson*, 99 AD2d 560; *People v Johnson*, 92 AD2d 672, mot for lv to app den 59 NY2d 766). The crimes for which defendant was convicted were separate and distinct offenses, not part of a single transaction entitling her to concurrent sentences (Penal Law, § 70.25, subd 2; see *People v Brathwaite*, 63 NY2d 839; *People v Chandler*, 106 AD2d 677; *People v Brown*, 66 AD2d 223).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.