(May 23, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WOLCOTT, Appellant. — Weiss, J. Appeals from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 28, 1983, upon verdicts convicting defendant of the crimes of sodomy in the first degree (four counts), sodomy in the second degree (two counts) and sexual abuse in the first degree (two counts).

Defendant was charged in two separate indictments with sodomy in the first degree (four counts), sodomy in the second degree (two counts) and sexual abuse in the first degree (two counts) as a result of incidents involving his two granddaughters in December 1980 and on February 27, 1982. Both victims were under the age of 14 at the time of these occurrences. After a jury trial, defendant was convicted as charged and received concurrent prison sentences as a second felony offender ranging from 3½ to 7 years to 12½ to 25 years.

On this appeal, defendant maintains that he was denied a fair trial because the prosecutor bolstered the testimony of several key witnesses, inquired into whether defendant raised his alibi defense when first arrested, forced defendant to characterize prosecution witnesses as liars, and provided rebuttal testimony without a proper foundation. Defendant further characterizes the trial court's jury charge as inadequate and claims that he received ineffective assistance of counsel.

Initially, we note that defendant neither registered any objection to the claimed improprieties nor excepted to the trial court's charge. Thus, the issues were not preserved as questions of law for appellate review (*see,* CPL 470.05 [2]). Nor, for the reasons which follow, are we persuaded that defendant was deprived of a fair trial requiring us to invoke our power to reverse as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]; *People v Smith,* 103 AD2d 859; *People v Griffin,* 100 AD2d 659, 660).

While we recognize that it was error to admit the testimony of two police officers expressly bolstering the testimony of both victims and other family members, the resulting error was essentially harmless given the strength of the People's case (*see, People v Johnson,* 57 NY2d 969, 970; *People v Allsbrook,* 105 AD2d 467, *revg on rearg* 103 AD2d 983; *see also, People v Irving,* 107 AD2d 944). This is not an instance where the testimony of the only prosecution witness has been improperly bolstered (*cf. People v Williams,* 62 AD2d 1026). Here, since both victims and their mother explicitly testified to defendant's transgressions, we cannot perceive a significant probability that the jury would have acquitted defendant absent the improper bolstering testimony (*see, People v Crimmins,* 36 NY2d 230, 242).

Next, we find no merit to the contention that impermissible use was made of defendant's postarrest silence in violation of the principles enunciated in *People v Conyers* (52 NY2d 454). While it is clear that the use of defendant's postarrest silence even for impeachment purposes may violate due process and the privilege against self-incrimination, not every use of such silence is

precluded, only those which are fundamentally unfair (*People v Savage,* 50 NY2d 673, 680, *cert denied* 449 US 1016; *see, People v Hunyadi,* 96 AD2d 647). Here, the record shows that upon cross-examination of the arresting officer, defense counsel inquired whether defendant made any statements at the time of the arrest. The officer responded, "He denied that he had anything to do with it." On rebuttal, the prosecutor then inquired as to whether defendant claimed an alibi. As the foregoing illustrates, this is not an instance where defendant chose to remain silent upon arrest (*see, People v Davis,* 92 AD2d 177, 186-188, *affd* 61 NY2d 202). Indeed, defense counsel opened the door to what conversations ensued at that time. In this context, the prosecutor's redirect was not fundamentally unfair (*see, People v Savage, supra,* p 681; *see also, United States v Conlin,* 551 F2d 534, 537, *cert denied* 434 US 831 [defendant's silence used to rebut his claim that he told exculpatory version to police after his arrest]; *People v Mayers,* 100 AD2d 558).

Defendant's remaining contentions are also unavailing. While we clearly do not sanction the prosecutor's conduct in attempting to have defendant characterize the People's witnesses as liars, taken in context, we cannot conclude that the brief interchange in which these questions were posed served to deprive defendant of a fair trial, particularly in the absence of an objection (*see, People v McCormick,* 100 AD2d 723; *People v McDowell,* 59 AD2d 948, 949, *affd* 47 NY2d 858). The rebuttal testimony offered to counter defendant's direct proof that he was not at the home of his granddaughters on February 27, 1982 was clearly admissible (*Marshall v Davies,* 78 NY 414, 420; *Yeomans v Warren,* 87 AD2d 713). Although the trial court was remiss in failing to instruct the jury that prior inconsistent statements are not affirmative proof, defendant failed to request curative instructions or otherwise alert the court to the deficiency so as to afford an opportunity to correct the error. Consequently, any objection must be deemed waived (*People v Whalen,* 59 NY2d 273, 279-280; *People v McLaughlin,* 104 AD2d 829). In any event, these statements simply related to the credibility of the alibi witnesses, not the actual commission of any crime (*cf. People v Summers,* 49 AD2d 611; *People v Carroll,* 37 AD2d 1015, 1016). Inasmuch as the prosecution established by rebuttal evidence that the alibi defense might be a fabrication, the trial court was authorized to instruct that the jury might consider a false alibi as evidence of guilt (*see, People v Wright,* 86 AD2d 968; Richardson, Evidence § 167, at 135 [Prince 10th ed]).

While it is plainly evident that defense counsel was remiss in making several pertinent objections, a review of the entire record confirms that meaningful representation was provided

(*People v Morris,* 64 NY2d 803; *People v Baldi,* 54 NY2d 137, 146-147). Finally, in view of the sordid nature of defendant's crimes, we cannot say that the trial court abused its discretion by imposing sentences within the statutory guidelines for a second violent felony offender.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.