■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, PAUL A. MOON, Appellant.—Kane, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered August 20, 1984, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted upon the testimony of an undercover State Police officer to whom he sold a $10 packet of cocaine on two separate occasions in the presence of an informant who had arranged their meeting. The sole witness for the defense was defendant, who denied selling the drugs to

the police officer. Seeking reversal on this appeal, defendant contends that (1) there was insufficient evidence to support the verdict of the jury, (2) County Court erred in failing to give the jury limiting instructions in their consideration of a nine-year-old prior conviction for criminal possession of stolen property in the third degree, and, in any event, it was an abuse of discretion to permit cross-examination of defendant on this prior conviction, and (3) the sentence was harsh and excessive.

The conviction must be affirmed. First, the prosecution established each element of the crime charged if the jury accepted the testimony of the police officer and the informant. Evaluating the evidence in a light most favorable to the . People, as we must *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Kennedy,* 47 NY2d 196, 203), the issue presented is essentially one of the credibility of the witnesses, an issue in the exclusive domain of the jury *(People v Barnes,* 50 NY2d 375, 381; *People v Irving,* 107 AD2d 944). Thus, although the record demonstrates some inconsistencies between the testimony of the police officer and the informant, the jury resolved any conflict by its verdict. The evidence was sufficient to establish defendant's guilt beyond a reasonable doubt *(see, People v Scarincio,* 95 AD2d 967, 968).

Second, County Court's ruling on the *Sandoval* motion clearly demonstrates that, on each occasion, the court stated that it would give limiting instructions to the jury as to the purpose for such evidence, if requested. No request was ever made by defendant at the time the evidence was introduced by defendant, or upon cross-examination with respect thereto by the prosecution. Moreover, there was no request to charge on the issue or any exception to the charge of the court at the conclusion thereof. Under such circumstances, and in the absence of a request, the issue has been waived *(see, People v Carey,* 109 AD2d 982, 983; *People v Ricchiuti,* 93 AD2d 842, 845; *People v Moorer,* 77 AD2d 575, 577). Finally, we cannot say that the court abused its discretion in sentencing defendant to concurrent prison terms of 6 to 20 years *(see, People v Ray,* 105 AD2d 988, 989).

Judgment affirmed. Mahoney, . P. J., Kane, Casey and Levine, JJ., concur.