■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI SWEET, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered August 15, 1986, upon a verdict convicting defendant of the crime of assault in the second degree.

On April 12, 1985, Nick Robinson had the misfortune of leaving a bar in the City of Gloversville, Fulton County, at about the same time as a woman whose husband suspected her of "fooling around". The woman's husband, defendant, apparently believed that Robinson was leaving with his wife. Defendant exited the bar with a beer bottle in his hand, ran up behind Robinson and struck him near the left ear. Among other things, Robinson suffered a laceration which required 18 to 20 stitches. Robinson subsequently decided to press charges and defendant was indicted for the crime of assault in the second degree. Following a jury trial, defendant was found guilty of the charged crime and subsequently sentenced to one year of imprisonment. This appeal ensued.

Defendant contends that there was no credible evidence to support the conclusion that he struck Robinson with the beer bottle. We cannot agree. Assessing credibility of witnesses is for the jury (*People v Moon,* 121 AD2d 790, 791, *lv denied* 68 NY2d 815; *People v Irving,* 107 AD2d 944). Testimony will not be found incredible as a matter of law unless it is impossible of belief because it is " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, quoting *People v Stroman,* 83 AD2d 370, 373). Here, Patricia Van Slyke testified that she saw defendant hit Robinson with the beer bottle. While Van Slyke was in the bar when she made the observation and the incident took place in the parking lot of the bar at night, Van Slyke testified that she was sitting 10 to 12 feet from the front door, which was a full plate glass door, that there were picture windows near the door and that

the parking lot was lit by streetlights. Viewed in the light most favorable to the People, her testimony was not incredible as a matter of law and was well within the jury's domain for determining credibility.

We find meritless defendant's assertion that the People failed to prove beyond a reasonable doubt the element of intent. Defendant's own testimony established that he had punched two other people earlier that evening because he had seen them with his wife. Defendant left the bar in pursuit of Robinson erroneously believing that Robinson was escorting his wife. He yelled, "Hey, where the hell are you going with my wife?" and was seen striking Robinson. The jury's conclusion that defendant intended to commit an assault is supported by ample evidence.

Defendant further argues that the jury's verdict was contrary to the weight of the evidence. After closely considering the evidence presented at trial, we are totally unpersuaded that the jury failed to give the evidence the weight it should have been accorded (see, People v Bleakley, 69 NY2d 490). Hence, we decline to set aside the jury's verdict.

Defendant's remaining contentions have been considered and found to be either not properly preserved for appellate review or meritless.

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.