■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered July 23, 1986, convicting him of burglary in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with burglary after he entered the bedroom of a cotenant and removed some of her belongings. The defendant contends that the judgment of conviction must be reversed because all of the elements of burglary in the second degree were not proven beyond a reasonable doubt. He asserts that the bedroom of the cotenant was not a "building", as required by Penal Law § 140.25, and further claims that since he was privileged to be in the main area of the house he could not have "entered unlawfully". We find no merit to the defendant's contentions. The tenant's room was independent of the rest of the house, and should be considered a separate "dwelling" within a "building", as well as part of the main building *(People v Pringle,* 96 AD2d 873). The fact that the defendant was properly in the common areas of the house did not give him a license to enter the locked room of another tenant *(People v Bell,* 131 AD2d 859, *lv denied* 70 NY2d 749; *People v Borazzo,* 137 AD2d 96, *lv denied* 72 NY2d 916; *People v Bull,* 136 AD2d 929, *lv denied* 71 NY2d 966).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Christmas,* 110 AD2d 707; *People v Velasquez,* 107 AD2d 726; *People v Thompson,* 105 AD2d 762). Mollen, P. J., Mangano, Brown and Eiber, JJ., concur.