■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHESTER DAVIS, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered April 18, 1988, convicting defendant, after a jury trial, of third degree robbery and fourth degree criminal possession of a weapon and sentencing him to concurrent prison terms of 2 to 6 years and one year, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (People v Kennedy, 47 NY2d 196), we find that defendant's guilt was proven beyond a reasonable doubt. The complainant testified that in the evening hours of April 15, 1986, she was accosted by defendant, who was working as a cab driver for the Round Town Cab Company, driven to a deserted location in the Bronx, and robbed. During the incident, which lasted several minutes, the complainant had sufficient opportunity to observe defendant's features in the cab and on the street.

Defendant's present objection to the court's initial charge on identification is unpreserved and we therefore decline to reach it, although we note its lack of merit (see, People v Whalen, 59 NY2d 273, 279). The court's supplemental instructions to the jury concerning the elements of the crimes charged responded meaningfully to the jurors' inquiries (see, CPL 310.30; People v Lourido, 70 NY2d 428, 435). In view of the jurors' failure to request any further instruction as to the issue of identification, the court was not obligated to give any supplemental charge, and its refusal to do so cannot be said to have prejudiced defendant. Defendant's unpreserved claim concerning the court's failure to instruct the jury that prior inconsistent statements are not affirmative proof is without merit as the statements related to the credibility of a defense witness on a collateral matter, and not the actual commission of any crime (see, People v Wolcott, 111 AD2d 513, 515).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.