■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY RYAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.) rendered July 25, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record reveals that the defendant was found in the complainant's apartment in front of his dresser, with the drawer open, holding a pair of his socks. Despite the fact that the defendant and the complainant were previously acquainted, the complainant testified that he had left the door to his apartment locked, and had not given the defendant permission to enter the apartment. Although the lock was not broken, the complainant testified that the door catch had been pushed in. Under the circumstances, the jury could have drawn the inference that the defendant knowingly made an unlawful entry with the intent to commit a crime *(see, People v Barnes,* 50 NY2d 375, 381; *People v Mackey,* 49 NY2d 274, 279; *People v Smith,* 144 AD2d 600). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that the trial court erred by failing to instruct the jury on temporary possession of property is unpreserved for appellate review since he failed to request such a charge and raised no objection to the court's failure to give a charge on that issue *(see, People v Gilbert,* 142 AD2d 686).

The defendant's claim that the court failed to instruct the jury that evidence relating to his prior crimes could only be used to evaluate his credibility is also unpreserved for appellate review since he failed to request a limiting instruction relating to evidence of prior crimes, and did not object to the admission of this evidence *(People v Adames,* 168 AD2d 623; *People v Moon,* 121 AD2d 790).

We also find that the defendant's sentence was neither

harsh nor excessive *(People v Suitte,* 90 AD2d 80). Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.