■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST REDCROSS, Appellant. [668 NYS2d 270] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Giardino, J.), rendered November 26, 1996, upon a verdict convicting defendant of the crimes of burglary in the second degree, petit larceny and possession of burglar's tools.

On February 8, 1996, Mary Trombley returned to her apartment in the City of Troy, Rensselaer County, to find her door open and her television on the floor. Trombley shouted upstairs to her neighbor to call the police and then encountered a masked male, who ran out of her apartment with her VCR. Trombley followed and, upon seeing neighbors, asked for assistance, describing the intruder. The neighbors observed a man wearing a ski mask and carrying a VCR, which he abandoned and began to run. The neighbors caught the fleeing man and turned him over to the police, who had arrived in response to the upstairs neighbor's phone call. The police took Trombley to where defendant was being restrained and she immediately was able to identify defendant by his physical characteristics and clothing as the masked intruder. Defendant was indicted and charged with burglary in the second degree, petit larceny and possession of burglar's tools. Following a jury trial, defendant was convicted as charged and sentenced to an indeterminate term of imprisonment of 7½ to 15 years on the burglary conviction and one-year terms on his convictions for petit larceny and possession of burglar's tools, with the sentences to run concurrently. Defendant now appeals.

At trial, Trombley described the person she saw at the showup as wearing the same clothes as the person she observed

in her apartment and, further, identified defendant as the same person she saw at the showup. Defendant urges on appeal that such evidence was inadmissible inasmuch as no CPL 710.30 notice had been provided. We disagree. Assuming no prior notice was provided (indeed there is none contained in the record), we are of the view that defendant effectively waived his entitlement to such notice. At a pretrial conference held more than a month before trial, counsel discussed the need for a *Wade* hearing. Upon the People's concession that Trombley could not make a positive identification of defendant as the person she observed in her apartment because he was wearing a mask, it was agreed by defense counsel and the prosecutor that a *Wade* hearing was unnecessary. It was stipulated, however, that Trombley could testify as to the physical characteristics of the person she observed in her apartment, her identification of the clothing and the mask she observed at the showup as being the same she had seen on the person in her apartment and that defendant was the person she observed at the showup. Having acquiesced to such procedure, defendant cannot now be heard to complain as to the lack of the CPL 710.30 notice.

Nor are we persuaded that the record as a whole substantiates defendant's claim that Trombley failed to testify in accordance with the aforementioned stipulation. In any event, once the dispute arose at trial as to the substance of the stipulation, the Trial Judge, who was not the Judge who presided at the pretrial conference, directed the jury to stand aside and conducted a *Wade* hearing. Following the hearing, the court determined that the showup was not unduly suggestive and, in any event, Trombley had an independent source for her identification of defendant's physical characteristics and apparel. The record fully supports County Court's findings in this regard and we reject defendant's contention that the court erred (*see, People v Wilmer*, 90 AD2d 918, 919).

Next, defendant contends that County Court erred in permitting the People to cross-examine defendant with regard to six prior petit larceny convictions to impeach his credibility. Again, we disagree. The record reflects that defendant had 17 prior criminal convictions. County Court precluded the use of any conviction more than 10 years old or those that were alcohol-related offenses. Under the circumstances, County Court's *Sandoval* compromise constituted a valid exercise of discretion and did not deprive defendant of a fair trial (*see, People v Teen*, 200 AD2d 785, 786, *lv denied* 83 NY2d 859). Insofar as defendant complains that the use of his petit larceny convictions was un-

duly prejudicial as he was on trial for that very charge, we also disagree. As was noted in the *Sandoval* decision, the commission of crimes involving individual dishonesty, such as theft, has very material relevance as to lack of in-court veracity (*see, People v Sandoval*, 34 NY2d 371, 377). We have considered defendant's remaining contentions and find them to be equally without merit.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the judgment is affirmed.